# SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF ALL CLAIMS

This Settlement Agreement, General Release and Waiver (the "Agreement"), is entered into this __ day of January 2020, by and between plaintiff Jeronimo Ramos Rivera ("Plaintiff"), on the one hand, and defendants P&M Property Management Inc. ("P&M"), James Porretto and James Morrissey, together with P&M and James Porretto, the "Defendants," on the other hand.

## WITNESSETH:

**WHEREAS**, an action was commenced on or about October 11, 2019, by Plaintiff against Defendants in the United States District Court for the Eastern District of New York, Case No. 19-cv-05774 (the "Lawsuit") asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit, including, but not limited to, all claims alleged or which could have been alleged in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for, and in consideration of, the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement Sum**.

    A. Defendants shall cause to be delivered, in full and final settlement of the Lawsuit, including all claims that Plaintiff could have asserted therein, to Stillman Legal, P.C., Attn: Lina Stillman, Esq., 42 Broadway, 12th Floor, New York, New York 10004, the sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Sum"). The Settlement Sum shall be paid as follows:

    i. Within thirty (30) days after the Effective Date (as that term is defined in paragraph 11(C) below), Defendants shall deliver checks to Plaintiff's counsel, in the total amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Initial Payment"). The Initial Payment shall be paid, via check as follows: Jeronimo Ramos Rivera in the amount of Ten Thousand Dollars and Zero Cents;

    ii. By no later than thirty (30) days after the Initial Payment, Defendants shall cause to be delivered to Plaintiff's counsel two additional separate checks to (a) Jeronimo Ramos Rivera in the amount of $2,584.34; and (b) to "Stillman Legal PC" in the amount of $7,415.66.

B.    Plaintiff acknowledges and agrees that, except as expressly provided in paragraph 1(A) above, Plaintiff is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

C.    Plaintiff further acknowledges and agrees that payment of the Settlement Sum may result in taxable income to Plaintiff under applicable federal, state and local tax laws, and Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the Settlement Sum. Plaintiff further represents that no tax advice has been given to him by any of the Defendants or their representatives and Plaintiff understands and acknowledges that Defendants make no representation or guarantee as to the tax consequences of the payment of the Settlement Sum.

2.    **Dismiss Action with Prejudice**. For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiff acknowledges to be sufficient consideration to support this Agreement, Plaintiff shall withdraw, in writing, and secure the dismissal with prejudice, of the Lawsuit against Defendants. Plaintiff hereby warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than the Lawsuit, which he agrees to dismiss with prejudice. To that end, Plaintiff authorizes his counsel to execute a Stipulation of Dismissal and Order, in the form set forth hereto as Exhibit A, and to cooperate with Defendants as required in ensuring the dismissal of the Lawsuit with prejudice, including, but not limited to, obtaining the Court's approval of the within settlement as fair and reasonable.

3.    **No Admissions**. This Agreement does not constitute an admission by any of the Defendants of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Defendants expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4.    **Mutual Release**. In consideration of the Parties' willingness to enter into this Agreement, and in consideration for the agreements of the Parties contained in this Agreement, including the payment of the Settlement Sum, the Parties, with the intention of binding each other, their heirs, beneficiaries, trustees, administrators, executors, assigns, as well as their past and present officers, directors, members, employees, affiliates, predecessors, successors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharge each other from, and hereby acknowledge full accord and satisfaction of, any and all actions, causes of action, claims, complaints, demands, damages, rights, remedies and liabilities of whatsoever kind or character (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), past or present, whether known or unknown, asserted or unasserted, that they have ever had, may now have, or may later assert against each other by reason of any act, omission, transaction, agreement or occurrence, that the Parties ever had, now have or hereafter may have against each other up to and including the date of the execution of this Agreement, including, without limitation, claims asserted in the

Lawsuit. The Parties represent that they do not have knowledge of any further causes of action that they possess against each other through the date of this Agreement.

Without limiting the generality of the foregoing, the Parties hereby release and forever discharge each other from:

(i) all wage and hours claims, including, but not limited to, claims for minimum and overtime wages, spread of hours premium, misappropriation of gratuities and/or tips, failure to provide wage notice and/or wage statement forms as well as employment discrimination, harassment or retaliation under any federal, state or local statute or ordinance, public policy or common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Fair Labor Standards Act, the Sarbanes-Oxley Act, the Family & Medical Leave Act, the New York State and New York City Human Rights Laws, the New York Labor Law, the New York Worker Adjustment and Retraining Notification Act, the New York Constitution, and as such laws have been amended;

(ii) all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for wages, gratuities, bonuses, incentive compensation, and severance allowances or entitlements;

(iii) all claims for employee benefits, including, without limitation, any and all claims under the Employee Retirement Income Security Act of 1974, as amended;

(iv) all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever; and

(v) all claims for monetary recovery, including, without limitation, attorneys' fees, costs and disbursements and the like.

The Parties agree that they will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by them in this paragraph 4.

This Agreement and the release and discharge contained in this paragraph 4 shall also apply to the Parties' insurers, their past and present contractors, officers, directors, members, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors and successors in interest and assigns.

5. **Non-Disparagement**. The Parties agree that, except as compelled by legal process or otherwise required by law, they will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast the other Party in a negative light or to damage the Parties' reputations, business operations, business relationships, or present or future business. A breach of this provision of this Agreement by any Party shall be deemed a material violation of this Agreement. Nothing herein shall be construed to preclude any Party from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this litigation, any truthful statements about Plaintiff's experience litigation this Lawsuit or this settlement.

6. **No Assist**. Plaintiff represents and agrees that he shall not voluntarily take any action to support, encourage or participate in any action or attempted action other than the Lawsuit, which names, or may in any way damage the reputation of Defendants, Defendants' employees, shareholders, directors, members, or officers. If Plaintiff is ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit or proceeding which refers or relates to Defendants, Plaintiff is not barred from revealing factual information he may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiff of any such judicial or agency order, inquiry or subpoena shall be immediately communicated by Plaintiff to counsel for Defendants telephonically, but in no event more than three (3) calendar days after Plaintiff's receipt of any such order, inquiry or subpoena, and then confirmed immediately thereafter in writing, so that Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.

7. **Professional Relationship**. Plaintiff agrees that his professional relationship with P&M has been permanently and irrevocably severed. Plaintiff agrees that P&M shall not have any obligation at any time in the future to employ Plaintiff or enter into any other type of professional or business relationship with Plaintiff. Plaintiff agrees that he will not seek employment or any other professional or business relationship with P&M. Plaintiff further agrees that if Plaintiff seeks employment or any other arrangement with P&M, under which Plaintiff would receive compensation for services performed by Plaintiff, a rejection by P&M of any application or inquiry of Plaintiff will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

8. **Forfeiture**. Plaintiff acknowledges that paragraphs 5-6 are material terms of this Agreement. As such, in the event that Plaintiff is in material breach of this Agreement as determined by a court or other forum of competent jurisdiction, including but not limited to a breach of provisions 5-6, Plaintiff shall forfeit his portion of the Settlement Sum. Defendants shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum.

9. **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

10. **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

11. **Review and Revocation**.

A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B. Plaintiff acknowledges that before signing this Agreement, he was given sufficient, and reasonable, time to review and consider it; Plaintiff has, in fact, carefully reviewed this Agreement; and Plaintiff is entering into it voluntarily and of his own free will.

C. The date upon which this Agreement becomes effective (the "Effective Date") shall mean the day the Court enters a written Order granting final approval of the settlement. If the Court does not approve this Agreement, the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the Lawsuit will proceed as if no settlement had been attempted, and Defendants retain the right to contest the merits of the claims being asserted by Plaintiff in the Lawsuit, and nothing set forth in this Agreement shall be permitted to be used by any Party against the other.

12. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiff has the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

13. **Entire Agreement**. This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

14. **Severability**. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, the Parties agree to promptly execute valid general releases and waivers in favor of each other.

15. **Counterparts**. This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

16. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions. Any action or proceeding between the Parties shall be commenced only in the state or federal courts located in the State of New York, County of Suffolk, and Plaintiff and Defendants hereby submit to the exclusive jurisdiction of the state and/or federal courts located in the State of New York, County of Suffolk.

17. **Successors and Assigns**. This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

18. **Assignment**. Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent and affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.

19. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

20. **Headings**. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

21. **Miscellaneous Provisions**.

   a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

   b. Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

22. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice and via electronic mail:

If to Plaintiff:

        Lina Stillman, Esq.
        Stillman Legal, P.C.
        42 Broadway, 12th Floor
        New York, New York 10004
        Tel: (212) 203-2417
        Email: ls@stillmanlegalpc.com

If to Defendants:

        Paul J. Rutigliano, Esq.
        Akerman LLP
        666 Fifth Avenue, 20th Floor
        New York, New York 10103
        Tel: (212) 259-6436
        Email: paul.rutigliano@akerman.com

**[INTENTIONALLY LEFT BLANK; SIGNATURE PAGES TO FOLLOW]**

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

_____
Jeronimo Ramos Rivera

DATED: January 28, 2020


P&M Property Management, Inc.


By: _____
Title: _____

DATED: January __, 2020


_____
James Porretto

DATED: January __, 2020


_____
James Morrissey

DATED: January __, 2020

WHEREFORE, the Parties have caused this Agreement to be signed as of the day and date first above written.

_____
Jeronimo Ramos Rivera

DATED: January __, 2020

P&M Property Management, Inc.

By: _James Porretto and James Morrissey_
Title: _Partner_

DATED: January 28th 2020

_____
James Porretto

DATED: January 28th 2020

_____
James Morrissey

DATED: January 28, 2020